IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL FANSLER,

                     Plaintiff,                         OPINION AND ORDER

    v.

                                                         20-cv-889-wmc

MESSERLI & KRAMER, PA,
LVNV FUNDING LLC, &
JOHN DOES 1-25,

                     Defendants.

---

In this case, plaintiff Michael Fansler alleges violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by defendants Messerli & Kramer PA ("Messerli") and LVNV Funding LLC ("LVNV"). In particular, he claims that defendants sent him a dunning letter that did not *clearly* name his current creditor. However, the only injury he alleged in his complaint is that he is "unaware to whom the debt is truly owed." (Compl. (dkt. #1) ¶ ¶ 31.) Moreover, despite plaintiff's stated confusion, he affirmatively alleges that defendant LVNV *is* the successor in interest to his debt. (*Id.* ¶ 26.) Finally, the language in the dunning letter likewise states that LVNV is "successor in interest to Synchrony Bank regarding the collection of the above balance" and requests that payment be made to LVNV. (Compl. Ex. A (dkt. #1-1) 2.)

In his response to this court's order directing a showing of cause as to why this case should not be dismissed for lack of standing (dkt. #35), plaintiff now additionally explains that he "was afraid to make payment for fear of paying the wrong party or paying someone who was not the creditor," and "[d]efendants' failure to disclose the name of the current creditor prevented Plaintiff from making payment at all." (Pl.'s Br. (dkt. #36) 3.) As this

court already noted in its show cause order, however, allegations of confusion alone are not sufficient to prove an injury-in-fact. *See Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020), reh'g denied (Jan. 11, 2021) (for purposes of proving standing, a "state of confusion is not itself an injury.").

Recently, the Seventh Circuit applied this same principle to a case even closer on its facts to that here -- an alleged lack of clarity as to the creditor seeking payment. *Markakos v. Medicredit, Inc.*, No. 20-2351, 2021 WL 1937267 (7th Cir. May 14, 2021). There, the plaintiff in *Markakos* received a dunning letter that "unclearly identified her creditor as 'Northwest Community 2NDS' -- which is not the name of any legal entity in Illinois." *Id.* at *1. The Seventh Circuit affirmed the dismissal of plaintiff's complaint, noting that any confusion experienced by the plaintiff as a result of the misinformation was not sufficient on its own to establish standing. *Id.* at *1-2. Still, the court noted that if an FDCPA violation and resulting confusion "alters a plaintiff's response to a debt," then that concrete injury may support standing. *Id.* at *2; *see also Brunett*, 932 F.3d at 1068 (a "debtor confused by a dunning letter may be injured if she acts, to her detriment, on that confusion").

Here, the allegations in plaintiff's current complaint are insufficient to support standing as the *only* injury he alleges is confusion. Now, in his brief in response to this court's show cause order, plaintiff further represents that the lack of clarity as to who was the current holder of his debt "prevented" him from making any payment. Even if plaintiff can in good faith amend his complaint to include this allegation, however, he has still not shown any action to his detriment. On the contrary, so far the only "injury" is that he

allegedly did not pay on the debt.  Should there be some indication that defendants intend to pursue him for *that* action perhaps standing would exist, since plaintiff could show at least facially a potentially adverse consequence.  As it stands, there being no suggestion of such a detriment, so, too, there is no proof of a concrete injury, even a potential one.  Moreover, the letter clearly stated to whom the debt should be paid, suggesting that any injury incurred by withholding payment was self-inflicted.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) (litigants "cannot manufacture standing merely by inflicting harm on themselves").  Accordingly, this case will be dismissed for lack of standing.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of standing.

Entered this 27th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge